

**ORDERED in the Southern District of Florida on February 23, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-29242-BKC-AJC
CHAPTER 13

IN RE

VIVIAN SANCHEZ-VILLALBA,

     Debtor.

_____/

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION

THIS CAUSE came before the Court for hearing upon the Trustee's Objection to

Confirmation. The Court having heard argument of counsel, and having considered the testimony

of the witnesses, sustains the objection.

The material facts are not in dispute. The Debtor filed a Chapter 7 bankruptcy petition on

July 7, 2010. The case was converted to a Chapter 13 case on December 8, 2010. Schedule "A" filed

by the Debtor indicates title to five different parcels of property are in the Debtor's name. The

Debtor's homestead is the address located at 64 Whitehorn Drive, Miami Springs, FL 33166, which

was claimed as homestead in the Debtor's Schedules. Four other properties owned by the Debtor

include 21312 Southwest 94th Court, Miami, FL 33190, 600 Biltmore Way, Unit 505, Miami, FL

33134, 430 Sarto Avenue, Miami, FL 33134 and a vacant lot in Hawks Bluff, Tennessee.  The

Debtor is surrendering the properties located at Southwest 94th Court and Hawks Bluff, Tennessee.

The issue presented by the Chapter 13 Trustee's objection is with reference to the properties

located at Sarto Avenue and Biltmore Way.  The title to both of these properties are in the name of

the Debtor, the Debtor's father, the Debtor's mother and the Debtor's sister.  Debtor's father lives

at 430 Sarto Avenue and the property is his homestead; the Debtor's sister lives at 600 Biltmore

Way, and this property is her homestead.

The Debtor testified that her father put the Debtor on the title to his property for purposes of

estate planning.  In case the father died, the Debtor would not have to go through a probate

proceeding to obtain the property. The Debtor also testified that she has never made any payments

on the mortgage nor has she ever lived at the property. The property is owned free and clear of liens.

The Debtor also testified that the father's act of placing her name on the title was not intended as a

gift.

Debtor's father's testimony confirmed that he has made all payments on the property, that

the Debtor has never lived there and that it was not intended to be a gift to the Debtor.  He testified

that the Debtor was put on the title to avoid probate proceedings in the event he passed away.

The father also testified that he put the Debtor on the title to the Debtor's sister property for

the same reason – in case he died, the Debtor would not have to go through a probate proceeding to

obtain the property. The father testified that the Debtor has never made any payments on the

mortgage and never lived there; and, he confirmed that titling the name of the property in the

Debtor's name too was not intended to be a gift.  The property is owned free and clear of liens.

The Trustee argues the Debtor owns 1/4 of these properties and therefore the value of 1/4 of

the properties should be included in the Debtor's estate.

The Debtor wishes to carve out the real properties from property of the estate.  The Debtor

argues that, pursuant to 11 USC § 541(d), the 1/4 interest held by the Debtor in the aforementioned properties is not property of the estate because the Debtor holds only bare legal title and the properties are, therefore, not subject to administration by the Trustee.

Section 541 of the Bankruptcy Code defines the bankruptcy estate as being comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. The Debtor claims her interest in the properties is an exception to the broad definition of property of the estate, pursuant to 11 U.S.C. § 541(d). The Court disagrees. This Court has already previously rejected the theory that "bare legal title" confers no interest in property so as to be excepted from estate property. The Court finds no authority to reconsider. The Debtor argues she holds the properties in a resulting trust and property of the estate does not include amounts held by a debtor in trust. However, this Court does not believe the Debtor has established the necessary elements to prove a resulting trust.

A party can only hold legal title without an equitable interest if there is a trust relationship. A trust relationship may be an express trust, statutory trust, constructive trust or resulting trust. In re Corzo, 406 BR 154 (Bankr. SD. Fla. 2008). In Florida, there must be a declaration recorded among the public records declaring the real property is held other than titled on the recorded deed. Fla. Stat. §689.07(1). In this case, the Warranty Deeds on the subject properties granted a fee simple estate to the Debtor, the Debtor's sister, the Debtor's mother and the Debtor's father. No other recorded documents were admitted into evidence to prove the properties were held by the parties in trust.

The Debtor's property is deemed to be held as titled unless the Debtor is able to rebut the strong presumption in favor of a recorded deed against the existence of any secret reservation. Reasoner v. Fisikelli, 153 So. 98 (Fla 1934); see also In re Schiavone, 209 BR 751 (Bankr. S.D.Fla. 1997). Documentary evidence is sufficient to impose a resulting or constructive trust if it is "strong,

clear and convincing as to leave no doubt as to the existence of the trust". Taylor v. Rupp (In re Taylor), 133 F.3d 1336 (10th Cir. Utah 1998); Grapes v. Mitchell, 159 So. 2d 465 (Fla. 1963); Millard Refrigerated Servs. v. LandAmerica 1031 Exch. Servs. (In re LandAmerica Fin. Group, Inc.), 412 B.R. 800 (Bankr. E.D.Va. 2009); In re Kirk, 381 BR. 800, 803 (Bankr. M.D.Fla. 2007); Provence v. Palm Beach Taverns Inc., 676 So.2d 1022, 1025 (Fla. 4th DCA1996); Hiestand v. Geier, 396 So.2d 744, 746 (Fla. 3d DCA 1981); Harris v. Harris, 260 So.2d 854 (Fla. 1st DCA 1972). Additionally, a debtor may rely on parole evidence but such "evidence must be clear, strong, unequivocal, unmistakable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt." Bird v. Stein, 258 F.2d 168, 177 (5th Cir. Miss. 1958); *see also* Martin v. Wilson, 115 So.2d 573, 574 (Fla. 1st DCA 1959).   The Debtor herein has failed to provide any documentation of any element of the trust and has otherwise failed to establish a resulting trust through parole evidence.

A resulting trust may be determined by establishing the intent of the parties. However, while the Debtor has established that the properties were paid for by the Debtor's father, and the Debtor has not paid for any insurance or maintenance on the properties, and although the testimony establishes that the Debtor never exercised control over the properties, the Court finds the Debtor has failed to prove the titling of the properties did not confer ownership upon the her and that the ownership of the properties was not taken into consideration by creditors with regard to extending credit to this Debtor or otherwise forbearing collection of debt.

> Our conclusion is that a party is estopped from disputing record title when, by his own negligence, he has held the title out to the world by means of the public record as being a good title. Failure to record a written agreement made contemporaneously with a deed which is recorded constitutes negligence which places it within the power of the grantee in the deed to sell the land or otherwise deal with it to the prejudice of a searcher of the records who is entitled, in the absence of express actual notice to the contrary, to regard the grantor's deed as importing absolute verity of the state of the title as between the grantor and the grantee. The fact that the grantor retains possession of the granted premises through a tenant gives rise to no more superior

equity than if the grantor himself had remained in possession with the acquiescence and consent of and under his grantee's permission. The object of the law in holding possession implied actual notice of an adverse right is to protect the possessor from the acts of others who do not derive their title from him. It is never to protect the possessor against his own acts, whether personally or through a tenant, and especially against his own deed in favor of a secret instrument executed as a part of the same transaction in which the deed was given. <u>Reasoner</u>, 153 So. at 99 (citations omitted).

In this matter, the Deeds evidence that the properties were conveyed to the Debtor, her sister, her mother and her father as co-owners. There is no subsequently recorded transaction or declaration indicating that the Debtor holds only bare legal title subject to a resulting trust for the benefit of the others. Under Florida Statute §695.01, a bona fide purchaser would prevail over an unrecorded equitable interest asserted by the Debtor.  The Debtor and Debtor's father could have protected the asserted equitable interests in the properties by recording these alleged equitable interests in the public records, but unfortunately, that is not what they did. Accordingly, it is

ORDERED AND ADJUDGED that the Trustee's objection is SUSTAINED and the Debtor shall amend the plan to provide for her one fourth (1/4) equity in the properties to the unsecured creditors.

###

**Copies furnished to:**
Michael A. Frank, Esquire
Nancy Herkert, Trustee